# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 4, 2018

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| STEPHEN E. ANTISDEL, | \* | |
| | \* | |
| Petitioner, | \* | No. 17-964V |
| | \* | Special Master Oler |
| v. | \* | |
| | \* | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

*Glen Howard Sturtevant, Jr.*, Rawls Law Group, Richmond, VA, for Petitioner.

*Lisa Ann Watts*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 18, 2017, Stephen Antisdel ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza ("flu") vaccine he received on September 26, 2014 caused him to suffer from debilitating symptoms, "with the development of progressively worsening headache, visual disturbance, dizziness, fatigue, pain, difficulty walking, cognitive difficulties, and other issues noted in the medical records." *See* Stip. at 1, ECF No. 24. Petitioner further alleged that he experienced the residual effects of his injury for more than six months. *Id.* On September 19, 2018, the parties filed a stipulation for award of compensation, which I adopted as my Decision Awarding Damages on the same day. ECF No. 25.

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On October 1, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 28 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $36,705.56, representing $35,536.80 in attorneys' fees and $1,168.76 in costs. Fees App at 4. Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 21 at 2. Respondent responded to the motion on November 9, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 30). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.' " *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.   Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

Petitioner requests the following rates of compensation for his attorneys: for Mr. Glen Sturtevant, $305.00 per hour for work performed in 2016, $315.00 per hour for work performed in 2017, and $326.00 per hour for work performed in 2018; and for Mr. Ramon Rodriguez, $361.00 per hour for work performed in 2015, $375.00 per hour for work performed in 2016, and $383.00 per hour for work performed in 2017. Fees App. at 3. Additionally, Petitioner requests compensation for paralegals at rates ranging from $140.00-$152.00 per hour depending on the year. *Id.*

All of the rates requested are in line with what have previously been awarded to the Rawls Law Group attorneys and paralegals who performed work on this case. *See Beiting v. Sec'y of Health & Human Servs.*, No. 17-726V, 2018 WL 4907964, at *3 (Fed. Cl. Spec. Mstr. Sept. 11, 2018); *Douglass v. Sec'y of Health & Human Servs.*, No. 17-1296V, 2018 WL 5276531, at *1-2 (Fed. Cl. Spec. Mstr. Sept. 12, 2018). Accordingly, no adjustment is required for the requested rates.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, I find that all of the entries for attorneys who worked on this case appear to be reasonable, and they will not be adjusted. Several paralegal entries, however, require further discussion. First paralegals billed a total of 7.9 hours on "reviewing medical records for attorney review." Fees App. at 15-16 (entries on 2/17/17, 2/20/17, 2/27/17, and 4/10/17). These entries are vague and duplicative in nature. Based upon the proffered description, it is impossible for me to determine what precisely the paralegal was reviewing the medical records for, or how this review was substantively different from the contemporaneous review being performed by an attorney, and

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

thus what value it added to the case, or why it was necessary. Accordingly, these hours will not be compensated.

Additionally, paralegals billed 1.7 hours on tasks which are administrative and/or clerical in nature. These tasks include attending to billing matters (3/9/17), preparing exhibits (6/7/17), or tasks which were simply described as "attention to" followed by an incoming document (numerous entries, including July 18-21 of 2017). This billing practice has previously been noted and served as the basis for reductions by other special masters. *See Beiting*, 2018 WL 4907964, at *3 n.4 ("Assuming it is the job of the paralegal to keep case charts updated as to when records are received, it is unclear what task was being performed by paying attention to an incoming record beyond merely acknowledging its arrival when further work updating the case chart was billed in a separate entry."). Additionally, many of these "attention to" entries occurred in relation to incoming CMECF generated notices for documents filed by Petitioner himself. It is extremely unlikely, for example, that a paralegal spent 30 minutes on July 20, 2017 reviewing the CMECF e-mail generated by Petitioner's own filing of medical records, statement of completion, and the notice of reassignment of the case.

For all these reasons, the undersigned finds it necessary to reduce the amount of attorneys' fees awarded by **$1,392.00**.[4]

### c.   Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,168.76 in attorneys' costs. The majority of this amount is for costs typical to Vaccine Program litigation, such as acquiring medical records and postage. Petitioner has provided adequate documentation of these costs, and they shall be awarded.

I will decline, however, to compensate Petitioner for one cost: $259.49 for "Advocate Capital interest." Fees App. Ex. 20 at 3. Other special masters have consistently ruled that this cost, which is interest related to a loan obtained by Rawls Law Group to help finance litigation expenses, is not compensable in the Vaccine Program. *See Beiting*, 2018 WL 4907964, at *4 (citing *Jeffries v. Sec'y of Health & Human Servs.*, No. 99-670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006)); *Cecil v. Sec'y of Health & Human Servs.*, No. 16-1344V, 2018 WL 5627054, at *3 (Fed. Cl. Spec. Mstr. Sept. 28, 2018). This results in a reduction of attorneys' costs in the amount of **$259.49**.

## II.   Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

---

[4] The billing records indicate that the only paralegal performing work on the case at this time was "KMS", who billed at a rate of $145.00 per hour. Thus, 9.6 hours * $145.00 = $1,392.00.

| Attorneys' Fees Requested | $35,536.80 |
|---|---|
| (Reduction to Total Hours) | - $1,392.00 |
| **Total Attorneys' Fees Awarded** | **$34,144.80** |
| | |
| Attorneys' Costs Requested | $1,168.76 |
| (Reduction of Costs) | - $259.49 |
| **Total Attorneys' Costs Awarded** | **$909.27** |
| | |
| **Total Amount Awarded** | **$35,054.07** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **a total of $35,054.07 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Glen Sturtevant, Jr., of Rawls Law Group, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

> **s/Katherine E. Oler**
> Katherine E. Oler
> Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).